# Exhibit A
### *To Defendants' Notice of Removal*

This is a copy of a Document filed electronically in the Court of Illinois.

**Forms are free at ilcourts.info/forms.**

| | | *For Court Use Only* |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT** <br><br> Cook ___ **COUNTY** | **SUMMONS** | FILED <br> 8/9/2024 1:26 PM <br> IRIS Y. MARTINEZ <br> CIRCUIT CLERK <br> COOK COUNTY, IL <br> 2024CH07491 <br> Calendar, 1 <br> 28886779 |

**Instructions ▾**

| | |
|---|---|
| Enter above the county name where the case was filed. | Floyd Eskridge <br> _____ <br> **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)* <br> HMD Transport, Inc. <br> _____ <br> _____ <br> _____ |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)* |

Hearing Date: <<CmsHearingStart>>
Location: <<CmsHearingResource="Location">>
Judge: <<CmsHearingResource="JudicialOfficer">>

**Case Number**

**2024CH07491**

---

## IMPORTANT: You have been sued.

- Read all documents attached to this *Summons*.

- You MUST file an official document with the court within the time stated on this *Summons* called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.

- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees*.

- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

---

### Plaintiff/Petitioner:

**Do not use this form** in these types of cases:

- All criminal cases
- Detinue
- Order of protection
- Divorce

- Administrative review cases
- Eviction
- Stalking no contact orders
- Paternity

- Adult guardianship
- Foreclosure
- Civil no contact orders
- Small Claims

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

FILED DATE: 8/9/2024 1:26 PM   2024CH07491

Ex. A- Page 2

FILED DATE: 8/9/2024 1:26 PM   2024CH07491

**1.** **Defendant/Respondent's address and service information:**

| | |
|---|---|
| *In **1a**, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here.* | a. Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*: HMD Transport, Inc.<br>Registered Agent's name, if any: UP LEVEL INC<br>Street Address, Unit #: 61 RUFFLED FEATHERS DR<br>City, State, ZIP: LEMONT ,IL 60439-7753<br>Telephone: _____ Email: _____ |
| *In **1b**, enter a second address for the first Defendant/ Respondent, if you have one.* | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last)*: _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| *In **1c**, check how you are sending your documents to this Defendant/ Respondent.* | c. Method of service on Defendant/Respondent:<br>☐ Sheriff    ☐ Sheriff outside Illinois: _____ *County & State*<br>☐ Special process server    ☐ Licensed private detective |

| | |
|---|---|
| *Check here if you are serving more than 1 Defendant/ Respondent. Attach an* Additional Defendant/ Respondent Address and Service Information *form for each additional Defendant/Respondent and write the number of forms you attached.* | ☐ **I am serving more than 1 Defendant/Respondent.**<br>I have attached _____ *Additional Defendant/Respondent Address* *Number*<br>*and Service Information* forms. |
| *In **2a**, enter the amount of money owed to you. Check **2b** if you are asking for the return of tangible personal property.* | **2.** **Information about the lawsuit:**<br>a. Amount claimed:    $ >50,000<br>☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession). |
| *In **3**, enter your complete address, telephone number, and email address, if you have one.* | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: William H. Beaumont<br>Street Address, Unit #: 107 W. Van Buren, Suite 209<br>City, State, ZIP: Chicago, IL 60605<br>Telephone: 773-831-8000    Email: whb@beaumontcostales.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons.*<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms. |
|---|---|
| *Check **4a** or **4b**. If Defendant/ Respondent only needs to file an* Appearance *and* Answer/Response *within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.* | **4.** **Instructions for person receiving this** *Summons (Defendant)*:<br>☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address: 50 W. Washington St.<br>City, State, ZIP: Chicago, IL 60602 |

FILED DATE: 8/9/2024 1:26 PM 2024CH07491

---

In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.*

In **4b**, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website.

All of this information is available from the Circuit Clerk.

---

☐ b. Attend court:

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
    *Date*                *Time*                                    *Courtroom*

**In-person at:**

_____
*Courthouse Address*          *City*                    *State*        *ZIP*

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:**

By telephone: _____
                   *Call-in number for telephone remote appearance*

By video conference: _____
                        *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk _____ or visit their website
                        *Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
    *Website*

---

**STOP!**
The Circuit Clerk will fill in this section.

Witness this Date: _____

Clerk of the Court: 8/9/2024 1:26 PM IRIS Y. MARTINEZ

*Seal of Court*

---

**STOP! The officer or process server will fill in the Date of Service.**

**Note to officer or process server:**
- If 4a is checked, this *Summons* must be served within 30 days of the witness date.
- If 4b is checked, this *Summons* must be served at least 21 days before the court date, unless 2b is also checked.
  - If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

---

**Ex. A- Page 4**

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.**
**Forms are free at ilcourts.info/forms.**

| | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT**<br><br>Cook ⊙ **COUNTY** | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Floyd Eskridge<br>_____<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>HMD Transport, Inc.<br>_____<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

| |
|---|
| _____ |
| **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.\*\***

**My name is** _____ **and I state**
     *First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:
       ☐ Male    ☐ Female    ☐ Non-Binary     Approx. Age: _____ Race: _____
       On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
       Address, Unit#: _____
       City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
       member or lives there:
       On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
       Address, Unit#: _____
       City, State, ZIP: _____
       And left it with: _____
                   *First, Middle, Last*
       ☐ Male    ☐ Female    ☐ Non-Binary     Approx. Age: _____ Race: _____
       and by sending a copy to this defendant in a postage-paid, sealed envelope to the
       above address on this date: _____ .

    ☐ On the Corporation's agent, _____
                               *First, Middle, Last*
       ☐ Male    ☐ Female    ☐ Non-Binary     Approx. Age: _____ Race: _____
       On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
       Address: _____
       City, State, ZIP: _____

FILED DATE: 8/9/2024 1:26 PM   2024CH07491

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

FILED DATE: 8/9/2024 1:26 PM   2024CH07491

| **DO NOT** complete this section. The sheriff or private process server will complete it. |
|---|

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |
|---|

**By:**

_____

*Signature by:* ☐ Sheriff
               ☐ Sheriff outside Illinois:

               _____
               *County and State*
               ☐ Special process server
               ☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return: _____ $ _____
Miles _____    $ _____
Total                 $ _____

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

**Print Form**       **Save Form**       **Reset Form**

Hearing Date: <<CmsHearingStart>>
Location: <<CmsHearingResource="Location">>
Judge: <<CmsHearingResource="JudicialOfficer">>

FILED DATE: 8/9/2024 1:26 PM   2024CH07491

FILED
8/9/2024 1:26 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH07491
Calendar, 1
28886779

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FLOYD ESKRIDGE, individually and on
behalf of other persons similarly situated,

Plaintiff,

v.

HMD TRANSPORT, INC.,

Defendant.

Case No. 2024CH07491

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that this civil action seeks in excess of $50,000 on behalf of the Plaintiff and the proposed Class.

Dated: August 9, 2024

/s/ William H. Beaumont

William H. Beaumont (#6323256)
Roberto Luis Costales (#6329085)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
whb@beaumontcostales.com
rlc@beaumontcostales.com
*Attorneys for Plaintiff*

1

FILED
8/9/2024 1:26 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH07491
Calendar, 1
28886779

FILED DATE: 8/9/2024 1:26 PM  2024CH07491

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FLOYD ESKRIDGE, individually and on behalf of other persons similarly situated,

        Plaintiff,

v.

HMD TRANSPORT, INC.,

        Defendant.

Case No.:  2024CH07491

CLASS ACTION COMPLAINT

Plaintiff Floyd Eskridge files the following Class Action Complaint against Defendant HMD Transport, Inc. Plaintiff's allegations are made based on their personal knowledge from their experience working for Defendant and, as to all other matters, upon information and belief, including based on investigation by counsel.

**NATURE OF THE ACTION**

1.      This is an action by Floyd Eskridge ("Plaintiff"), individually and on behalf of other persons similarly situated ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2.      Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of Defendant, HMD Transport, Inc. ("Defendant").

3.      As past and present workers of Defendant, Plaintiff and class members were required to provide it with their personalized biometric identifiers and the biometric information derived therefrom ("biometric data").

4.      Plaintiff and class members have not been notified where their biometrics are being stored, for how long Defendant will keep the biometrics, and what might happen to this valuable information.

FILED DATE: 8/9/2024 1:28 PM   2024CH07491

5.      The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

6.      Unlike other forms of personal identification, such as photo IDs or passwords, biometrics are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

7.      If Defendant insists on collecting and storing their workers' biometrics, Defendant must comply with the BIPA. This includes (1) notifying workers the practice is taking place; (2) informing workers of how the practice is implemented; (3) obtaining written consent from the workers to collect and store their biometric data; and (4) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

8.      Unfortunately for the Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff brings this action individually and on behalf of class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over Defendant because Defendant is registered to do and doing business in Illinois. Additionally, Defendant does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated while it was located in Illinois.

10.     Venue is proper in this Court because Defendant is doing business in Cook County.

FILED DATE: 8/9/2024 1:26 PM  2024CH07491

## PARTIES

11.     Plaintiff is an individual who worked for Defendant as a truck driver and was subject to the same biometric-collection practices as other of Defendant's drivers. Plaintiff drove for Defendant in Illinois.

12.     Defendant is a for-profit corporation that is doing business in the state of Illinois.

## FACTUAL ALLEGATIONS

13.     Defendant uses biometric cameras in the cabs of its trucks to monitor the work of its truck drivers, including Plaintiff and class members.

14.     During Plaintiff's employment with Defendant (and within the five years preceding the filing of Plaintiff's complaint), Defendant used a biometric camera to analyze Plaintiff's driving behaviors.

15.     Defendant has a separate biometric camera installed in each of its trucks to monitor each driver. This allows Defendant to associate the information from each of its respective biometric cameras with a particular worker. This further allows Defendant to continuously remotely monitor its employees' performance and strictly enforce that they do not do anything during their work shift that could be considered personal.

16.     Upon information and belief, these cameras collect and store the biometric data of Defendant's workers by scanning their facial geometry.

17.     Defendant did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

18.     Defendant did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

FILED DATE: 8/9/2024 1:26 PM   2024CH07491

19.     Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's unique biometric identifiers and/or biometric information.

20.     Defendant did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

21.     Defendant did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying workers' biometric data.

22.     Defendant did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric data.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals who worked as drivers for Defendant in Illinois during the relevant statute of limitations and were subject to Defendant's driver-facing camera monitoring system."*

24.     Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the

4

FILED DATE: 8/9/2024 1:26 PM 2024CH07491

class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

    i.  whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

    ii.  whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

    iii.  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

    iv.  whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

5

FILED DATE: 8/9/2024 1:26 PM   2024CH07491

     v.   whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

     vi.   whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) Given the fact that Defendant's workers will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly

FILED DATE: 8/9/2024 1:26 PM   2024CH07491

vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

25.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

26.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

27.     Defendant recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

7

FILED DATE: 8/9/2024 1:26 PM   2024CH07491

28.     Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

29.     Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

(a) The biometric data was being recorded, obtained, collected, or stored; and

(b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

30.     Defendant's conduct is at best negligent and at worst reckless.

31.     Accordingly, Defendant is liable to Plaintiff and class members for liquidated damages. 740 ILCS § 14/20(1).

**PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in their favor against Defendant and issue an order:

a.  Certifying this case as a class action, naming Plaintiff as class representatives and Plaintiff's counsel as class counsel;

b.  Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c.  Awarding statutory damages of $5,000 for each willful or reckless violation of the Act, $1,000 for each negligent violation of the Act;

d.  Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

e.  Awarding reasonable attorneys' fees and costs of this action;

f.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

FILED DATE: 8/9/2024 1:26 PM   2024CH07491

g.   Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully Submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

9

Case: 1:24-cv-12437 Document #: 1-1 Filed: 12/04/24 Page 17 of 61 PageID #:24

FILED
8/14/2024 12:59 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH07491
Calendar, 1
28945731

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| FLOYD ESKRIDGE, individually and on behalf of other persons similarly situated, | Case No.: 2024CH07491 |
| Plaintiff, | |
| v. | |
| HMD TRANSPORT, INC., | |
| Defendant. | |

## <u>PLAINITFF'S MOTION FOR CLASS CERTIFICATION</u>

Plaintiff by and through undersigned counsel and pursuant to 735 ILCS 5/2-801, move for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representatives, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohl's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42-43. In support of this Motion, Plaintiff submits the following Memorandum of Law.

*Respectfully submitted,*

*/s/ Roberto Luis Costales*

Roberto Luis Costales (#6329085)
BEAUMONT COSTALES LLC
107 W. Van Buren #209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
ATTORNEY FOR PLAINTIFF

## MEMORANDUM OF LAW IN SUPPORT OF

FILED DATE: 8/14/2024 12:59 PM   2024CH07491

## PLAINITFF'SS MOTION FOR CLASS CERTIFICATION

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by Defendant. Defendant captured, collected, stored, and used its employees' biometric information and identifiers to monitor their driving. And in so doing, the Defendant violated Illinois Law by obtaining, storing, and using this data without the employees' informed and written consent, and by failing to provide the employees with the requisite data retention and destruction policies explaining how and when such biometric information will be used, stored, and destroyed. Defendant's conduct was in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

After Plaintiff learned of Defendant's wrongful conduct, Plaintiff commenced suit on behalf of a class of similarly situated individuals in order to bring an end to the Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of BIPA and to obtain redress for all persons injured by its conduct.

## I.    THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

BIPA is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints, handprints and vocal identifiers; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. Compl., ¶ 5-6.

Recognizing the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia,* that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers

FILED DATE: 8/14/2024 12:59 PM   2024CH07491

or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or his biometric identifiers and/or information; (4) maintain the biometric data in a sufficiently secure manner; and (5) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15.

## II.   FACTUAL BACKGROUND

### A.   The Underlying Misconduct.

Defendant has taken the biometrics of hundreds, if not thousands, of individuals within the state of Illinois. Compl., ¶¶ 1-8; 11-22. During the relevant time period in the State of Illinois, Defendant implemented collected biometric information from individuals, including Plaintiff. *Id*. Defendant captured, collected, and stored Plaintiff's and other Class members' biometrics. *Id.* However, Defendant failed to obtain informed written consent from Class members, including Plaintiff, before capturing and collecting their biometric information. *Id*. Defendant failed to provide individuals, including Plaintiff, with a retention schedule and deletion policies detailing how and when Defendant would retain and destroy individuals' biometric information and/or biometric identifiers. *Id.*

Defendant does not have a policy of informing individuals, including Plaintiff, of what happens to their biometric information after it is collected and obtained, whether they still retain their biometrics, and if they do, for how long they intend to retain such information without their consent, whether the information is transmitted to a third party and, if so, which third party. *Id*. Thus, despite their practice of taking biometric information, Defendant failed to comply with BIPA's statutory requirements regarding the collection of biometric identifiers and biometric information.

FILED DATE: 8/14/2024 12:59 PM    2024CH07491

**B.     The Proposed Class**

Plaintiff bring this action on behalf of themselves and similarly situated individuals pursuant to 73 5 ILCS § 5/2-801. Plaintiff seek to represent a Class defined as follows: All individuals whose biometric data Defendant collected or stored in Illinois. Compl., ¶ 23. As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure: numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not only appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

**III.    ARGUMENT**

**A.     Legal Standard for Class Certification**

To obtain class certification, a plaintiff does not need to establish that they will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or Plaintiff have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). In determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.,* 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a
> party may sue or be sued as a representative party of the class only if the court

4

FILED DATE: 8/14/2024 12:59 PM   2024CH07491

finds:

(1)    The class is so numerous that joinder of all members is impracticable.

(2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)    The representative parties will fairly and adequately protect the interest of the class.

(4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the maintenance of a class action, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.,* 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez,* 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohl's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court

FILED DATE: 8/14/2024 12:59 PM    2024CH07491

to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B.    The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of Plaintiff in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden,* 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.,* 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.,* 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff allege that there are at least several hundred members of the Class. Compl., ¶ 24. Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records.

FILED DATE: 8/14/2024 12:59 PM  2024CH07491

Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon,* 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.    Common Questions of Law and Fact Predominate

The second requirement of Section 2-801 (2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 111.2d 7, 19 (Ill. 1981); *Steinberg,* 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell,* 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information; whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of

their last interaction, whichever occurs first; whether Defendant used Plaintiff's and the Class' biometric identifiers or biometric information to identify them; and whether Defendant's violations of the BIPA were committed intentionally, recklessly, or negligently.

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis.* Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

### D.    The Adequate Representation Requirement is Satisfied.

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner,* 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.,* 214 Ill. App. 3d 995, 1000 (1st Dist. 1991 ). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.,* 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff have the exact same interests as the members of the proposed Class. Like the other members of the Class, Plaintiff were subjected to Defendant's biometric timekeeping technology and Defendant captured, collected, and stored their biometrics. Compl., ¶¶ 1-8. Plaintiff have also alleged that Defendant did so without complying with BIPA's

requirements. *Id.* Plaintiff's pursuit of this matter against Defendant demonstrates that they will be a zealous advocate for the Class.

Plaintiff have retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff are able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor Plainitff'ss counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff have asserted viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

### E. Class Certification Will Ensure Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon,* 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon,* 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.,* 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

9

FILED DATE: 8/14/2024 12:59 PM   2024CH07491

FILED DATE: 8/14/2024 12:59 PM   2024CH07491

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon,* 586 N.E.2d at 467; *Eshaghi,* 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell,* 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

A class action is superior to other methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is inefficient and impracticable. Compl., ¶ 24. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. *Id.* It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. *Id.* Plaintiff anticipate no difficulty in the management of this action as a class action. Class-wide relief is

essential to compliance with BIPA. *Id.* Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the requirements of 735 ILCS 512-801 have been satisfied. Plaintiff respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representatives, appointing undersigned counsel as Class Counsel, and awarding such additional relief as the Court deems reasonable. In the alternative, Plaintiff respectfully request that this Court defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

FILED DATE: 8/14/2024 12:59 PM   2024CH07491

FILED DATE: 8/14/2024 12:59 PM 2024CH07491

*Respectfully submitted,*

*/s/ Roberto Luis Costales*

_____
Roberto Luis Costales (#6329085)
BEAUMONT COSTALES LLC
107 W. Van Buren #209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
ATTORNEY FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I shall cause the foregoing notice to be served via Odyssey e-file upon all counsel of record in this matter.

<em><u>/s/ Roberto Luis Costales</u></em>

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

Case: 1:24-cv-12437 Document #: 1-1 Filed: 12/04/24 Page 29 of 61 PageID #:36

FILED
9/30/2024 12:22 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH07491
Calendar, 1
29575652

FILED DATE: 9/30/2024 12:22 PM   2024CH07491

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| FLOYD ESKRIDGE, individually and on behalf of other persons similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>HMD TRANSPORT, INC.,<br><br>                    Defendant. | Case No. 2024CH07491 |

## DEFENDANT HMD TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, HMD Transport, Inc. ("HMD Transport"), answers Plaintiff's Class Action Complaint as follows:

## NATURE OF THE ACTION

1.     This is an action by Floyd Eskridge ("Plaintiff"), individually and on behalf of other persons similarly situated ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

**ANSWER:** HMD Transport admits that Plaintiff purports to bring this action individually and on behalf of other persons similarly situated, pursuant to the Illinois Biometric Information Privacy Act, but denies the remaining allegations contained in Paragraph 1, and specifically denies that HMD Transport violated BIPA, that Plaintiff or any purported class member is entitled to any relief whatsoever, that Plaintiff can represent a class, or that any class can be certified.

FILED DATE: 9/30/2024 12:22 PM   2024CH07491

2.     Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of Defendant, HMD Transport, Inc. ("Defendant").

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 2.

3.     As past and present workers of Defendant, Plaintiff and class members were required to provide it with their personalized biometric identifiers and the biometric information derived therefrom ("biometric data").

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 3.

4.     Plaintiff and class members have not been notified where their biometrics are being stored, for how long Defendant will keep the biometrics, and what might happen to this valuable information.

**ANSWER:** HMD Transport denies that it ever collected, and therefore stored, Plaintiff's biometric identifiers or information, and denies all the other allegations contained in Paragraph 4.

5.     The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

**ANSWER:** HMD Transport admits BIPA was enacted by the State of Illinois but denies all remaining allegations in Paragraph 5. HMD Transport refers the Court to the language of the statute and the legislative history for the full statutory context and denies Plaintiff's characterization of the statutory language and legislative history.

6.     Unlike other forms of personal identification, such as photo IDs or passwords, biometrics are immutable aspects of our bodies. This makes them a

2

FILED DATE: 9/30/2024 12:22 PM   2024CH07491

promising source of future identification-related technology, particularly in our increasingly insecure technological world.

**ANSWER:** HMD Transport lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 6 and therefore denies those allegations.

7.      If Defendant insists on collecting and storing their workers' biometrics, Defendant must comply with the BIPA. This includes (1) notifying workers the practice is taking place; (2) informing workers of how the practice is implemented; (3) obtaining written consent from the workers to collect and store their biometric data; and (4) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

**ANSWER:** HMD Transport admits that some of the language stated in Paragraph 7 is contained in 740 ILCS 14/15 but denies that these sections accurately reflect the entirety of BIPA's provisions or of BIPA's legislative history. HMD Transport denies the remaining allegations contained in Paragraph 7, and specifically denies that HMD Transport violated BIPA.

8.      Unfortunately for the Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff brings this action individually and on behalf of class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*.

3

FILED DATE: 9/30/2024 12:22 PM   2024CH07491

**ANSWER:** HMD Transport objects to the use of the phrase "none of these directives were followed" as vague and ambiguous. It is unclear which directives Plaintiff is referring to. Without waiver, HMD Transport admits that Plaintiff purports to bring this action, individually and on behalf of other persons similarly situated, pursuant to BIPA, but denies the remaining allegations contained in Paragraph 8, and specifically denies that HMD Transport violated BIPA, that Plaintiff or any purported class members are entitled to any relief whatsoever, that Plaintiff can represent a class, or that any class can be certified.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over Defendant because Defendant is registered to do and doing business in Illinois. Additionally, Defendant does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated while it was located in Illinois.

**ANSWER:** HMD Transport admits that this Court may assert personal jurisdiction over HMD Transport in this case and that HMD Transport conducts business in the State of Illinois. HMD Transport denies the remaining allegations in Paragraph 9.

10.     Venue is proper in this Court because Defendant is doing business in Cook County.

**ANSWER:** HMD Transport admits that venue is proper in this Court and that HMD Transport does business in Cook County, but denies the remaining allegations in Paragraph 10.

FILED DATE: 9/30/2024 12:22 PM   2024CH07491

## PARTIES

11.     Plaintiff is an individual who worked for Defendant as a truck driver and was subject to the same biometric-collection practices as other of Defendant's drivers. Plaintiff drove for Defendant in Illinois.

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 11.

12.     Defendant is a for-profit corporation that is doing business in the state of Illinois.

**ANSWER:** HMD Transport admits the allegations in paragraph 12.

## FACTUAL ALLEGATIONS

13.     Defendant uses biometric cameras in the cabs of its trucks to monitor the work of its truck drivers, including Plaintiff and class members.

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 13.

14.     During Plaintiff's employment with Defendant (and within the five years preceding the filing of Plaintiff's complaint), Defendant used a biometric camera to analyze Plaintiff's driving behaviors.

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 14.

15.     Defendant has a separate biometric camera installed in each of its trucks to monitor each driver. This allows Defendant to associate the information from each of its respective biometric cameras with a particular worker. This further allows Defendant to continuously remotely monitor its employees' performance and strictly enforce that they do not do anything during their work shift that could be considered personal.

5

FILED DATE: 9/30/2024 12:22 PM    2024CH07491

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 15.

16.    Upon information and belief, these cameras collect and store the biometric data of Defendant's workers by scanning their facial geometry.

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 16.

17.    Defendant did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

**ANSWER:** HMD Transport denies that it ever recorded, obtained, collected, and/or stored Plaintiff's biometric identifiers or information, and therefore admits that it did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored. HMD Transport denies all the other allegations contained in Paragraph 17.

18.    Defendant did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

**ANSWER:** HMD Transport denies that it ever recorded, obtained, collected, and/or stored Plaintiff's biometric identifiers or information, and therefore admits that it did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used. HMD Transport denies all remaining allegations contained in Paragraph 18.

19.    Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures

6

FILED DATE: 9/30/2024 12:22 PM   2024CH07491

nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's unique biometric identifiers and/or biometric information.

**ANSWER:** HMD Transport denies that it ever recorded, obtained, collected, and/or stored Plaintiff's biometric identifiers or information, and therefore admits that it did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data or provide Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's unique biometric identifiers and/or biometric information. HMD Transport denies all remaining allegations contained in Paragraph 19.

20.    Defendant did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

**ANSWER:** HMD Transport denies that it ever recorded, obtained, collected, and/or stored Plaintiff's biometric identifiers or information, and therefore admits that it did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data. HMD Transport denies all remaining allegations contained in Paragraph 20.

21.    Defendant did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying workers' biometric data.

**ANSWER:** HMD Transport denies that it ever recorded, obtained, collected, and/or stored Plaintiff's biometric identifiers or information, and therefore admits

that it did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying workers' biometric data. HMD Transport denies all remaining allegations contained in Paragraph 21.

22.    Defendant did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric data.

**ANSWER:** HMD Transport denies that it ever recorded, obtained, collected, and/or stored Plaintiff's biometric identifiers or information, and therefore admits that it did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric data. HMD Transport denies all remaining allegations contained in Paragraph 22.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals who worked as drivers for Defendant in Illinois during the relevant statute of limitations and were subject to Defendant's driver-facing camera monitoring system."*

**ANSWER**: HMD Transport admits that Plaintiff seeks to certify a class, but denies that HMD Transport captured, collected, stored, used, transmitted, or disseminated any individual's biometric identifier or biometric information in violation of BIPA, denies that Plaintiff is similarly situated to other unnamed

FILED DATE: 9/30/2024 12:22 PM   2024CH07491

individuals, denies that this case is suitable for class treatment, and denies the remaining allegations in Paragraph 23.

24.     Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

i. whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

ii. whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

iii. whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently

9

FILED DATE: 9/30/2024 12:22 PM   2024CH07491

destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

iv. whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

v. whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

vi. whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) Given the fact that Defendant's workers will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly

FILED DATE: 9/30/2024 12:22 PM   2024CH07491

experienced in complex consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

FILED DATE: 9/30/2024 12:22 PM 2024CH07491

**ANSWER:** HMD Transport denies that this case is suitable for class treatment and denies the remaining allegations in Paragraph 24.

25. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**ANSWER:** HMD Transport denies that this case is suitable for class treatment and denies the remaining allegations in Paragraph 25.

<u>COUNT I</u>
<u>VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT</u>

26. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

**ANSWER:** HMD Transport incorporates by reference each of the preceding responses as though fully set forth herein.

27. Defendant recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 27.

28. Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 28.

FILED DATE: 9/30/2024 12:22 PM    2024CH07491

29.     Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

> (a) The biometric data was being recorded, obtained, collected, or stored; and

> (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 29.

30.     Defendant's conduct is at best negligent and at worst reckless.

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 30.

31.     Accordingly, Defendant is liable to Plaintiff and class members for liquidated damages. 740 ILCS § 14/20(1).

**ANSWER:** HMD Transport denies the allegations contained in Paragraph 31.

**WHEREFORE**, HMD Transport respectfully requests:

a.      This action not be certified as a class action;

b.      Plaintiff take nothing by way of the Complaint;

c.      Judgment be entered against Plaintiff and in favor of HMD Transport;

d.      HMD Transport be awarded its attorney fees and costs incurred in this case; and

e.      HMD Transport be awarded all other necessary and proper relief.

FILED DATE: 9/30/2024 12:22 PM   2024CH07491

## DEFENDANT HMD TRANSPORT, INC.'S AFFIRMATIVE DEFENSES

HMD Transport, without admitting any of the allegations of the Complaint, and without admitting or acknowledging that HMD Transport bears any burden of proof as to any of them, asserts the additional defenses listed below.

## FIRST AFFIRMATIVE DEFENSE

1.      HMD Transport is an authorized freight broker operating under United States Department of Transportation number MC-499875. As a federally regulated freight broker, the company does not provide motor carrier services. *See* 49 U.S.C. § 13102(2) (defining broker as "a person, **other than a motor carrier** or an employee of agent of a motor carrier, that as a principal or agent, sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement or otherwise as selling, providing, or assigning for, transportation by motor carrier for compensation.") (emphasis added). HMD Transport does not own or operate any trucks, did not employ Plaintiff or any other proposed class member, and never had or utilized any driver-facing camera monitoring system.

2.      Therefore, Plaintiff's claims must be barred as HMD Transport does not own any trucks, does not utilize drivers, and does it have any driver-facing camera monitoring system.

## SECOND AFFIRMATIVE DEFENSE

3.      Plaintiff's claims are barred in whole or in part to the extent they arose outside of the applicable statute of limitations.

14

FILED DATE: 9/30/2024 12:22 PM  2024CH07491

### THIRD AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred in whole or in part by HMD Transport's good faith, and the absence of any negligent, reckless or intentional conduct in violation of BIPA.

### FOURTH AFFIRMATIVE DEFENSE

5.      Plaintiff has never been employed by HMD Transport.

6.      Plaintiff's claim for injunctive relief is barred, as there is no danger of immediate, irreparable harm.

### FIFTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are barred in whole or in party by the doctrines of estoppel, waiver, ratification and acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches to the extent Plaintiff and the putative class members unreasonably delayed before asserting their purported rights under BIPA and, thereby, caused undue prejudice to HMD Transport.

### SEVENTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims are barred, in whole or in part, because an award of statutory liquidated damages requested under BIPA and multiple violations for each subsection of BIPA that Plaintiff claims HMD Transport failed to comply with, violates HMD Transport's rights under the Due Process Clause of the United States Constitution. Recovery of statutory damages of $1,000 for each alleged violation of

FILED DATE: 9/30/2024 12:22 PM    2024CH07491

BIPA is grossly excessive and disproportionate to the bare, procedural violation(s) of BIPA that is alleged, where Plaintiff has not alleged any actual damages or harm, and the alleged repeated use of a dash camera would not result in the compromise of Plaintiff's biometric identifiers or biometric information. Accordingly, any award of statutory damages in favor of Plaintiff would violate HMD Transport's due process rights.

### EIGHTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims are barred, in whole or in part, because such a result would be contrary to public policy as applied and cause deleterious effects to Illinois businesses by exposing them to astronomical and disproportionate damages. Such an application of BIPA will result in an increased flood of class action litigation in Illinois courts, incentivize potential claimants to wait to file complaints until the potential damages owed them is disproportionately high prior to the running of the relevant Statutes of Limitations, and expose numerous Illinois businesses to devastating monetary damages at the risk of the health of Illinois commerce. *See Brief for Illinois Chamber of Commerce in Support of Defendant-Appellees Six Flags Entertainment Corporation and Great America LLC as Amicus Curiae, Rosenbach v. Six Flags*, 2019 IL 123186 (2019). Such massive exposure to potential damages under BIPA will "force businesses to go bankrupt, and increased litigation costs will make employing people more difficult and expensive, translating to fewer growth opportunities, increased layoffs, and out-of-state relocations." *Id*.

FILED DATE: 9/30/2024 12:22 PM   2024CH07491

## NINTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims, and those of any individual he seeks to represent, or portion thereof, are barred to the extent that they are the subject of any release or waiver entered into by or on behalf of Plaintiff or entered into by or on behalf of any person he claims to represent.

## APPLICATION OF DEFENSES IN EVENT OF CERTIFICATION

12.     Without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over HMD Transport's objections, then HMD Transport asserts the affirmative defenses set forth above against each and every member of the certified class.

13.     HMD Transport will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

**WHEREFORE**, HMD Transport respectfully requests:

    a.      This action not be certified as a class action;

    b.      Plaintiff take nothing by way of the Complaint;

    c.      Judgment be entered against Plaintiff and in favor of HMD Transport;

    d.      HMD Transport be awarded its attorney fees and costs incurred in this case; and

    e.      HMD Transport be awarded all other necessary and proper relief.

FILED DATE

Dated: September 30, 2024

Respectfully submitted,

/s/ *Andrew J. Butcher*
Andrew J. Butcher
abutcher@scopelitis.com
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.
30 W. Monroe Street, Suite 1600
Chicago, IL 60603
Telephone: 312-255-7200
Facsimile: 312-422-1224
Firm Id. No. 35986

*Attorneys for Defendant*
*HMD Transport, Inc.*

18

**CERTIFICATE OF SERVICE**

I, Andrew J. Butcher, hereby certify that a copy of the foregoing has been served upon the following counsel of record via e-mail on September 30, 2024.

FILED DATE: 9/30/2024 12:22 PM    2024CH07491

> Roberto Luis Costales
> William H. Beaumont
> BEAUMONT COSTALES LLC
> 107 W. Van Buren, Suite 209
> Chicago, IL 60605
> rlc@beaumont-law.com
> whb@beaumont-law.com

/s/ *Andrew J. Butcher*

4896-2267-7737, v. 6

19

FIRM NO. 35986

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
11/6/2024 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH07491
Calendar, 1
30077515

| | |
|---|---|
| FLOYD ESKRIDGE, individually and on behalf of other persons similarly situated, | ) ) ) Case No. 2024 CH 07491 |
| Plaintiff, | ) |
| v. | ) ) |
| HMD TRANSPORT, INC., | ) ) |
| Defendant. | ) |

**APPEARANCE AND JURY DEMAND\***

Andrew J. Butcher of the firm Scopelitis, Garvin, Light, Hanson & Feary, P.C., enters his appearance on behalf of Defendant, HMD TRANSPORT, INC.

\*Defendant demands a trial by jury.

Dated: November 5, 2024.                    Respectfully submitted,

SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.

By:   **/s/ Andrew J. Butcher**
        Attorney for Defendant

Andrew J. Butcher
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, Illinois 60603
abutcher@scopelitis.com
(312) 255-7200
Firm No. 35986

FILED DATE: 11/6/2024 12:00 AM   2024CH07491

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2024, a true and correct copy of the foregoing ***APPEARANCE AND JURY DEMAND*** *on behalf of Defendant* was filed electronically by the Court's electronic filing system with copies served upon the following counsel of record via the e-filing system to:

>William H. Beaumont
>Roberto Luis Costales
>BEAUMONT COSTALES LLC
>107 W. Van Buren, Suite 209
>Chicago, IL 60605
>whb@beaumontcostales.com
>rlc@beaumontcostales.com

>**/s/ Andrew J. Butcher**
>Attorney for Defendant

4857-8763-6980,

FIRM NO. 35986

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
11/6/2024 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH07491
Calendar, 1
30077971

FLOYD ESKRIDGE, individually and on )
behalf of other persons similarly situated, )
                                   ) Case No. 2024 CH 07491
               Plaintiff, )
v. )
                                     )
HMD TRANSPORT, INC., )
                                     )
              Defendant. )

FILED DATE: 11/6/2024 12:00 AM  2024CH07491

**ADDITIONAL APPEARANCE**

       Dylan C. Goetsch of Scopelitis, Garvin, Light, Hanson & Feary, P.C., enters his

additional appearance in this matter on behalf of Defendant, HMD TRANSPORT,

INC.

Dated: November 5, 2024.          Respectfully submitted,

                                     SCOPELITIS GARVIN LIGHT HANSON
                                     & FEARY, P.C.

                              By:   **/s/ Dylan C. Goetsch**
                                      Attorney for Defendant

Dylan C. Goetsch
SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, Illinois 60603
dgoetsch@scopelitis.com
(312) 255-7200
Firm No. 35986

FILED DATE: 11/6/2024 12:00 AM   2024CH07491

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 5, 2024, a true and correct copy of the foregoing ***ADDITIONAL APPEARANCE*** *on behalf of Defendant* was filed electronically by the Court's electronic filing system with copies served upon the following counsel of record via the e-filing system to:

> William H. Beaumont
> Roberto Luis Costales
> BEAUMONT COSTALES LLC
> 107 W. Van Buren, Suite 209
> Chicago, IL 60605
> whb@beaumontcostales.com
> rlc@beaumontcostales.com

> **/s/ Dylan C. Goetsch**
> Attorney for Defendant

4854-2981-0420,

2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| FLOYD ESKRIDGE, individually and on behalf of other persons similarly situated, | Case No.: 2024CH07491 |
| Plaintiff, | |
| v. | |
| HMD TRANSPORT, INC., | |
| Defendant. | |

## <u>AGREED ORDER</u>

NOW COME the Parties, off-call and by agreement, who respectfully suggest that they have conferred regarding the pleadings in this matter, and that Plaintiff seeks to amend his complaint to substitute the entity "H M D Trucking, Inc." as the new Defendant ("HMD Trucking"), and to dismiss HMD Transport, Inc. without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to file his First Amended Complaint;

2. Defendant HMD Transport, Inc. is hereby dismissed, without prejudice, with each party to bear its own fees and costs;

3. HMD Trucking has consented to acceptance of service by its attorney, Andy Butcher at Scopelitis, Garvin, Light, Hanson & Feary, P.C., with the date of service being the date upon which this Agreed Order is entered;

4. HMD Trucking's response to the First Amended Complaint is due on or before December 6, 2024;

5. The initial case management hearing in this matter of **December 9, 2024** to stand and remains in place. The parties may either appear in-person in Courtroom 2307 or appear remotely via Zoom, unless otherwise ordered by the Court. [Zoom Meeting ID: 876 8729 8501 / Passcode: 926987]

ENTERED:

**ENTERED**

**Judge Thaddeus L. Wilson – 1976**

**November 6, 2024**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

_____
Judge Thaddeus L. Wilson

FILED
11/20/2024 10:11 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH07491
Calendar, 1
30282759

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FLOYD ESKRIDGE, individually and on
behalf of other persons similarly situated,

        Plaintiff,

v.

H M D TRUCKING, INC.,

        Defendant.

Case No.: 2024CH07491

 

Plaintiff Floyd Eskridge files the following Class Action Complaint against Defendant H M D Trucking, Inc. Plaintiff's allegations are made based on their personal knowledge from their experience working for Defendant and, as to all other matters, upon information and belief, including based on investigation by counsel.

## **NATURE OF THE ACTION**

1.     This is an action by Floyd Eskridge ("Plaintiff"), individually and on behalf of other persons similarly situated ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2.     Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of Defendant, H M D Trucking, Inc. ("Defendant").

3.     As past and present workers of Defendant, Plaintiff and class members were required to provide it with their personalized biometric identifiers and the biometric information derived therefrom ("biometric data").

4.     Plaintiff and class members have not been notified where their biometrics are being stored, for how long Defendant will keep the biometrics, and what might happen to this valuable information.

FILED DATE: 11/20/2024 10:11 AM    2024CH07491

5.      The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

6.      Unlike other forms of personal identification, such as photo IDs or passwords, biometrics are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

7.      If Defendant insists on collecting and storing their workers' biometrics, Defendant must comply with the BIPA. This includes (1) notifying workers the practice is taking place; (2) informing workers of how the practice is implemented; (3) obtaining written consent from the workers to collect and store their biometric data; and (4) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

8.      Unfortunately for the Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff brings this action individually and on behalf of class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over Defendant because Defendant is registered to do and doing business in Illinois. Additionally, Defendant does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated while it was located in Illinois.

10.     Venue is proper in this Court because Defendant is doing business in Cook County.

FILED DATE: 11/20/2024 10:11 AM   2024CH07491

## PARTIES

11.     Plaintiff is an individual who worked for Defendant as a truck driver and was subject to the same biometric-collection practices as other of Defendant's drivers. Plaintiff drove for Defendant in Illinois.

12.     Defendant is a for-profit corporation that is doing business in the state of Illinois.

## FACTUAL ALLEGATIONS

13.     Defendant uses biometric cameras in the cabs of its trucks to monitor the work of its truck drivers, including Plaintiff and class members.

14.     During Plaintiff's employment with Defendant (and within the five years preceding the filing of Plaintiff's complaint), Defendant used a biometric camera to analyze Plaintiff's driving behaviors.

15.     Defendant has a separate biometric camera installed in each of its trucks to monitor each driver. This allows Defendant to associate the information from each of its respective biometric cameras with a particular worker. This further allows Defendant to continuously remotely monitor its employees' performance and strictly enforce that they do not do anything during their work shift that could be considered personal.

16.     Upon information and belief, these cameras collect and store the biometric data of Defendant's workers by scanning their facial geometry.

17.     Defendant did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

18.     Defendant did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

FILED DATE: 11/20/2024 10:11 AM   2024CH07491

19.     Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's unique biometric identifiers and/or biometric information.

20.     Defendant did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

21.     Defendant did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying workers' biometric data.

22.     Defendant did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric data.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals who worked as drivers for Defendant in Illinois during the relevant statute of limitations and were subject to Defendant's driver-facing camera monitoring system."*

24.     Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the

FILED DATE: 11/20/2024 10:11 AM   2024CH07491

class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

    i.  whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

    ii.  whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

    iii.  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

    iv.  whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

FILED DATE: 11/20/2024 10:11 AM   2024CH07491

v. whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

vi. whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) Given the fact that Defendant's workers will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly

6

FILED DATE: 11/20/2024 10:11 AM   2024CH07491

vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

25.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

26.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

27.     Defendant recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

7

FILED DATE: 11/20/2024 10:11 AM   2024CH07491

28.     Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

29.     Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

      (a) The biometric data was being recorded, obtained, collected, or stored; and

      (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

30.     Defendant's conduct is at best negligent and at worst reckless.

31.     Accordingly, Defendant is liable to Plaintiff and class members for liquidated damages. 740 ILCS § 14/20(1).

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in their favor against Defendant and issue an order:

a.  Certifying this case as a class action, naming Plaintiff as class representatives and Plaintiff's counsel as class counsel;

b.  Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c.  Awarding statutory damages of $5,000 for each willful or reckless violation of the Act, $1,000 for each negligent violation of the Act;

d.  Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

e.  Awarding reasonable attorneys' fees and costs of this action;

f.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

FILED DATE: 11/20/2024 10:11 AM   2024CH07491

g.  Awarding such other general and equitable relief as this Court deems equitable and just.

 

 

**Respectfully Submitted,**

*/s/ William H. Beaumont*

_____

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*